IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## STATE OF TENNESSEE v. HELEN DIXON DEVERS

**Appeal as of Right from the Circuit Court for Wayne County
No. 11671 and 11672  Stella Hargrove, Judge**

---

**No. M1999-00427-CCA-R3-CD - Decided June 23, 2000**

---

Helen Dixon Devers appeals her conviction by a jury in the Wayne County Circuit Court of one count of driving under the influence, first offense, a class A misdemeanor, and one count of resisting arrest, a class B misdemeanor.  Pursuant to the appellant's conviction of driving under the influence, first offense, the trial court imposed a sentence of eleven months and twenty-nine days incarceration in the Wayne County Jail, suspending all but ninety days.  Pursuant to the appellant's conviction of resisting arrest, the trial court imposed a concurrent sentence of six months incarceration in the Wayne County Jail, again suspending all but ninety days. On appeal, the appellant presents the following issues for review: (1) whether there was sufficient evidence to sustain both convictions; and (2) whether the trial court erred in sentencing the appellant.  Following a review of the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P**. **3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

OGLE, J., delivered the opinion of the court, in which Hayes, J., and Smith, J., joined.

R.H. Stovall, Jr., Columbia, Tennessee, for the appellant, Helen Dixon Devers.

Paul G. Summers, Attorney General and Reporter, Marvin E. Clements, Jr., Assistant Attorney General, J. Douglas Dicus, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION
### I. Factual Background

On the night of November 11, 1997,  Officer Curtis Nutt witnessed the appellant driving slowly and erratically, leading the officer to believe that she was intoxicated.  After activating a video camera in his police car, Officer Nutt pulled the appellant over and asked her to submit to field sobriety tests.  According to Officer Nutt, the appellant failed these tests. Moreover, when Officer Nutt tried to arrest the appellant, she became "quarrelsome" and "mouthy" and cursed Officer Nutt.  Officer Gerald Henderson then arrived at the scene of the traffic stop and assisted Officer Nutt in taking the appellant into custody.  Following the appellant's arrest, the officers transported the appellant to Wayne County Hospital, where testing revealed  that the appellant possessed a blood alcohol content of .19 percent.  Following a jury trial, the appellant was convicted of driving under the influence (DUI), first offense, and resisting arrest. The appellant was sentenced

to eleven months and twenty-nine days incarceration for DUI and to six months incarceration for resisting arrest, with the sentences to be served concurrently. The trial court granted the appellant probation in both cases, suspending all but ninety days of each sentence of confinement.

## II. Analysis

A. Driving Under the Influence

1. Sufficiency of the Evidence.

The appellant challenges the sufficiency of the evidence underlying her conviction of DUI. We initially note that the appellant fails to state the grounds on which she claims the evidence is insufficient. Merely challenging the sufficiency of the evidence at trial without specifying the grounds on which the claim is based is so general it fails to meet the requirements of Rule 27(a)(4) of the Tennessee Rules of Appellate Procedure. See State v. Matthews, 805 S.W.2d 776, 778-79 (Tenn. Crim. App. 1990); State v. Allison, No. 01C01-9402-CC-00061,1995 WL 60006, at *3 (Tenn. Crim. App. at Nashville, February 14, 1995). Nevertheless, upon review of the limited record available, we conclude that there is sufficient evidence to support the appellant's conviction of DUI.

Tennessee appellate courts accord considerable weight to a jury verdict in a criminal trial. A jury conviction essentially removes the presumption of the defendant's innocence and replaces it with a presumption of guilt, so the appellant carries the burden of demonstrating to this court why the evidence will not support the jury's findings. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). The appellant must establish that no "reasonable trier of fact" could have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789 (1979); Tenn. R. App. P. 13(e).

On appeal the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983). In other words, questions concerning the credibility of witnesses and the weight and value to be given the evidence, as well as all factual issues raised by the evidence, are resolved by the trier of fact, and not the appellate courts. State v. Pruett, 788 S.W.2d 559, 561 (Tenn. 1990).

Driving under the influence is defined in Tenn. Code Ann. §55-10-401(1) & (2) (1998) in the following manner:

(a) It is unlawful for any person to drive or to be in physical control of any automobile or other motor driven vehicle on any of the public roads and highways of the state . . . while:

(1) Under the influence of any intoxicant . . . producing stimulating effects on the central nervous system; or

(2) The alcohol concentration in such person's blood or breath is ten-hundredths of one percent (.10%) or more.

Officer Nutt testified that the appellant had been driving her car on a public road in Tennessee. Testimony established that she had a blood alcohol level of .19 percent at the time she

was driving. The officers testified concerning her apparent drunkenness. Specifically Officer Nutt testified that the appellant was driving slowly and erratically, that she appeared to cross both the yellow and white lines of the highway, and that she failed several field sobriety tests. Given these facts, there was sufficient evidence to convict the appellant of DUI. This claim is without merit.

### 2. Sentencing.

Next, the appellant asserts that the trial court erred in requiring her to serve ninety days incarceration in the Wayne County Jail. Appellate review of the manner of service of a sentence is de novo. Tenn. Code Ann. § 40-35-401(d) (1997). In conducting its de novo review, this court considers the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the pre-sentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors; (6) any statement by the defendant in his own behalf; and (7) the potential for rehabilitation or treatment. Tenn. Code Ann. § 40-35-102,-103,-210 (1997). See also State v. Ashby, 823 S.W.2d 166, 168 (Tenn. 1991). The trial court must also keep these factors in mind when imposing sentences involving any sort of confinement. Tenn. Code Ann. §40-35-103(1). The sentencing considerations particularly relevant in deciding the manner of service of misdemeanor and felony sentences are codified at Tenn. Code Ann. §§40-35-102, -103. See also State v. Troutman, 979 S.W.2d 271, 273 (Tenn. 1998). If the record reveals that the trial court properly considered sentencing principles and all relevant facts and circumstances, this court will accord the trial court's determinations a presumption of correctness. Tenn. Code Ann. § 40-35-401(d); Ashby, 823 S.W.2d at 169. In any event, "a trial court need only consider the principles of sentencing and enhancement and mitigating factors in order to comply with the legislative mandates of the misdemeanor sentencing statute." Troutman, 979 S.W.2d at 274. Nevertheless, the burden is on the appellant to demonstrate the impropriety of her sentence(s). Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments.

The trial court has the authority to place a misdemeanant on probation either after service of a portion of the sentence in confinement or immediately after sentencing. Tenn. Code Ann. §40-35-302(e)(1)-(2) (1997). However, in a case of DUI, first offense, a defendant must serve a minimum period of forty-eight hours incarceration. Tenn. Code Ann. §55-10-403(a)(1)(1998). In this case, the trial court considered two factors in requiring a lengthier period of confinement in conjunction with probation. First, the trial court felt that "confinement [is] necessary to avoid depreciating the seriousness of the offense," a legitimate sentencing consideration. Tenn. Code Ann. § 40-35-103(1)(B) (1997). When making a decision regarding confinement because of the seriousness of the offense, a court should consider if "the circumstances of the offense as committed [are] especially violent, horrifying, shocking, reprehensible, offensive, or otherwise of an excessive or exaggerated degree." See State v. Zeolia, 928 S.W.2d 457, 462 (Tenn.Crim.App. 1996); see also State v. Bingham, 910 S.W.2d 448, 454 (Tenn. Crim. App. 1995)(citing State v. Hartley, 818 S.W.2d 370, 374-375 (Tenn.Crim.App.1991)). This court recognizes the dangers of driving under the influence, dangers which are especially aggravated when the blood alcohol content of the driver is well in excess of the legal limit. See State v. Zaid, No. 01-C-01-9703-CC-00081, 1998 WL 118071, *4 (Tenn.Crim.App. at Nashville, March 17, 1998), perm. to appeal denied (Tenn. 1998), State v.

Parker, No. M1999-00-209-CCA-R3CD, 1999 WL 1296018, *3 (Tenn. Crim. App. at Nashville, December 30, 1999). The legislature also recognized the increased seriousness of driving under the influence of an excessive blood alcohol content by enhancing the minimum period of incarceration for a first offense DUI to seven days rather than forty-eight hours if the blood alcohol content is .20 percent, only one-hundredth of a percent more than the appellant's blood alcohol content of .19. Tenn. Code Ann. §55-10-403(a)(1) (1998). Because the blood alcohol content of the appellant was well in excess of the legal limit, we conclude that the trial court correctly considered the seriousness of the offense in determining the DUI sentence.

Moreover, at the sentencing hearing, the trial court placed emphasis on its belief that the appellant was untruthful in stating to the court that she had only consumed three beers on the evening in question. In State v. Bunch, our supreme court held that truthfulness is certainly a factor which the court may consider in making decisions regarding the manner of service of a sentence. 646 S.W.2d 158, 160 (Tenn.1983). See also State v. Dykes, 803 S.W.2d 250, 259-60 (Tenn. Crim. App.1990); State v. Chrisman, 885 S.W.2d 834, 840 (Tenn. Crim. App. 1994). As we stated earlier, the credibility of witnesses is determined by the trier of fact, and not the appellate courts. Pruett, 788 S.W.2d at 561. The trial court correctly applied this factor in its sentencing determination.

If appellate review reveals that the trial court properly considered all relevant factors and its findings of fact are adequately supported by the record, this court must affirm the sentence. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App.1991). It is clear that the trial court correctly applied the sentencing considerations to the driving under the influence conviction, and therefore the trial court's determination is presumed correct.

B. Resisting Arrest.
1. Sufficiency of the Evidence.
The appellant also challenges the sufficiency of the evidence used to convict her of resisting arrest. Before an accused can be convicted of resisting arrest, the State is required to prove that (a) the accused knew that the person attempting to arrest her was a law enforcement officer; (b) the defendant attempted to prevent or obstruct the arrest; (c) the defendant used force; and (d) the defendant's conduct was intentional. Tenn. Code Ann. § 39-16-602(a) (1997). Force is defined as "compulsion by the use of physical power or violence and shall be broadly construed to accomplish the purposes of this title." Tenn. Code Ann. § 39-11-106(a)(12) (1997). See State v. Tidwell, No. 01C01-9807-CC-00288, 1999 WL 436840, *2 (Tenn. Crim. App. at Nashville, June 30, 1999), perm. to appeal denied (Tenn.1999), State v. Isibor, No. 01C01-9610-CC-00441, 1997 WL 602945, *2 (Tenn. Crim. App. at Nashville, September 30, 1997), perm. to appeal denied (Tenn.1998). The appellant has failed to include in the record for our review a copy of the video tape that was heavily relied upon in the trial court to convict her of resisting arrest. From the evidence in the record, it is difficult to determine if the appellant was merely "mouthy" or if she actually used force in some way against one or both of the officers. However, it is the appellant's duty to provide a complete record, and where she has failed to do so, she has no cause for complaint. Troutman, 979 S.W.2d at 274 . See also State v. Ballard, 855 S.W.2d

-4-

557, 560 (1993); State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App.1991). Failure to provide an adequate record results in the waiver of this issue on appeal. Tenn. R. App. P. 24. The jury's conviction of the appellant for resisting arrest is affirmed.

2. Sentencing.

The appellant also contends that her sentence for resisting arrest is excessive. Once again, the piece of evidence that would have aided this court in making that determination, namely the videotape made by Officer Nutt, is not in the record for our review. Although some evidence relevant to sentencing is found in the statement of the evidence summarizing the testimony at the sentencing hearing, little evidence regarding the circumstances of the offense is included in this incomplete record. Because the burden is on the appellant to provide a record for review, failure to do so is considered a waiver of the issue. Tenn. R. App. P. 24. See Troutman, 979 S.W.2d at 275. The sentence for resisting arrest is affirmed.

### III. Conclusion

For the foregoing reasons, we affirm the judgment of the trial court.